D.B.A. 181 CV-224-KD-B

SMALL BUSINESS PROGRAM:
Federal Employer ID# 37-1880026

**State of Alabama**
**County of Montgomery**

**AFFIDAVIT** " BENCH TRIAL DEMANDED "

Marcus Tate ___, AIS: 180664 , deposes and says:
El-Bey-Tey ~~~~~

complaint

I Responsible Party hereby Acknowledge
In This Indians Commerce Clause ART I,
§8, Cl. 3 et seq., 42 U.S.C.§ 1981(a)
Summon/COMPLAINT SERVICE OF PROCESS
by The UNITED STATES MARSHALLS, SERVICE.
That Every Words is TRUE And correct
under FCRP Rule 56(e) and 56(c)
under 28 USC§§ 1360(a)(b)(d) et seq. 1362
et seq., 1351(1)(2) et seq., 1343(a)(1)(2)(3)(4)
UNDER PENALTY OF PERJURY 28 USC§ 1746.

**This is the end of my affidavit.**

_____ - El-Bey-Tey-Law
**Signature of Affiant**

**Sworn to and subscribed before me this the** 7 **day of** May,
2018

_____
**Notary**

**My commission expires:** 4/13/20

Exhibits "A" "B" "D"
ATTACHMENT

FILED MAY 10 '18 PM 12:40 USDC ALS

"BENCH TRIAL DEMANDED" —A—

AFFIDAVIT HARDSHIP PAYMENT
IN THE HONORABLE U.S. COURT, MOBILE, ALABAMA
AUTHORIZATION/CONSENT
28 USC § 1915

Honorable U.S. CLERK'S OFFICE.
113 ST. JOSEPH STREET
MOBILE, AL 36602

FIDUCIARY TRUSTEE RESPONSIBLE PARTY
INDIANS COMMERCE CLAUSE ART I,
§ 8, CI 3  28 USC § 1360 (a) (b) (c)
et seq., 1362  CONSENT/ AUTHORIZATION
TO COLLECT 28 USC § 1915 FILING
FEES  OF THIS COMPLAINT 42 USC §
1981 (a) AND  U.S. MARSHALLS SERVICE
OF PROCESS FEE FROM FEDERAL
EMPLOYER TAX PAYERS  ID # 37 - 1880026
2018 - 2019  TAX RETURN CREDIT.

WE Further MOVE TO buy this Law
Suit From U.S. CLERK AND Paralegal
TEAM "APPOINTED AS FIDUCIARY
TRUSTEE" OF $ 3.5 MILLION DOLLARS

FILED MAY 10 '18 PM 12:41 USDC-ALS

TO PROTECT THE INTEREST OF THIS LAW SUIT TOO FINAL OUT FAVORED JUDGMENT OF CIVIL ACTION INDIANS COMMERCE CLAUSE ART I, § 8, CL., 3 FEIN#: 37-1880026

WE MOVE THIS U.S. COURT TO BILL FEIN# 37-1880026 $ 3.5. Million Dollars TO Honorable SECRETARY OF INTERNAL REVENUE SERVICE SMALL BUSINESS PROGRAM FEIN#: 37-1880026.. So The U.S. COURT Fiduciary Trustee Will be Paid in Full For Fair Pratices Employees LABOR ACT.

AFFIRM UNDER INDIANS COMMERCE

CLAUSE ART I, § 8, Cl. 3

PENALTY OF PERJURY 28 USC§

1746 - NOT MISLEADING.

DAY 10TH   month MAY   A.D. 2018

RESPONSIBLE PARTY: #37-1880026

~~Marcus O. Tate-el-Bey-Tey-Washitaw~~

MARCUS O. TATE-EL-BEY-TEY-WASHITAW

P.O. BOX 150

MT. MEGIS, AL 36057

− D −

## CERTIFICATE OF SERVICE

We affirm the United States
Honorable Court of Mobile, AL 36602
Was SERVED And
FEDERAL BUREAU OF INDIANS
AFFAIRS, U.S. DEPARTMENT
OF INTERIOR, NASHVILLE, TN.

DAY __10TH__ month __MAY__ A.D. 2018

RESPONSIBLE PARTY # 37-1880026

s/ Marcus O. Tate - El - Bey - Tey - Washitaw

Marcus O. Tate - El - Bey - Tey - Washitaw
Email: EAC0305006165@gmail.com
FACE BOOK PAGE: WASHITAW TRIBE.
FEIN# 37 - 1880026
P.O. Box 150, MT. MEIGS, AL 36057

NEW SMALL BUSINESS PROGRAM # FEDERAL EMPLOYER TAX ID # 37-1880026 INDIANS COMMERCE CLAUSE ART I, § 8, CI. 3. SUMMON/ COMPLAINT PROCESS OF SERVICE 42 U.S.C.S. § 1981 (a) "DISTRICT JUDGE BENCH TRIAL DEMANDED"

IN THE HONORABLE UNITED STATES COURT OF MOBILE, ALABAMA 36602

WASHITAW INDIANS SOVEREIGN INHABITANTS, SOVEREIGNTY DIPLOMATIC IMMUNITY, ETAL.,
Vs.

DISTRICT ATTORNEY SPENCER, ETAL., D.A.©
Vs.

All Judges of Grove Hill, AL 36451
Vs.

SHERIFF RAY NORRIS, ETAL.,
Vs.

CLARKE COUNTY COMMISSIONER, etal.
Vs.

OFFICE TOBY KNIGHT, ETAL.,
Vs.

MAGISTRATE CLERK NOTARY PUBLIC
JESSICA JORDAN, ETAL.,

Vs.

CITY MAYOR SHELDON DAY, ETAL.,

Vs.

ALL PARTIES FEIN #s _____

I.R.S. TAX ID INSURANCE COMPANIES
PROVIDER, ETAL.,

HIGH TREASON / MONETARY EQUAL RIGHTS PETITION
INDIANS COMMERCE CLAUSE ART I, §8,

Cl. 3, EQUAL RIGHTS 42 USC§ 1981(a)

SUMMON COMPLAINT / SERVICE OF PROCESS

FED. R. CIV. P. RULES 3 etseq., 4.

Etseq., 28 USC §§§ 1331, 1332, and

1333, etseq., FED. R. CIV. P. Rule 9(h).

## (SEE) FOOTNOTE

U.S. COURT OF MOBILE, ALABAMA 36602
CASE NO. CV-18-00169-KD-B, (See)
And Alabama STATE'S COURT OF CRIM. APP. CR-17-0419
APRIL 18, 2018

PURSUANT TO Federal Rules of Civil Procedures Rule 8(a)(1)(2)(3) Alleging Genuine ISSUES OF Evidence FACTS Fed.R. CIV. P. Rules 56(c) and 56(e) et seq., 28 USC§§1362 And 1360 (a)(b)

CONSTITUTIONAL AUTHORITIES, STATUTORY AUTHORITIES, AND JURISDICTIONAL AUTHORITIES OF THE Federal constitution ART VI. CI, 2.

## 28 USC§ 1915 COLLECTION FEES

1. We Moves This Honorable U.S. COURT WITH PROPER Consent/AUTHORIZATION UNDER 28 USC § 1915 To Collect Filing Fee's From OUR INDIANS COMMERCE CLAUSE ART I, § 8. CI. 3. FEDERAL EMPLOYER NEW SMALL BUSINESS TAX PAYERS ID# : 37-188 0026 _ _ _

2. WE MOVES UNITED STATES MARSHALLS FOR SUMMON / COMPLAINTS SERVICE OF PROCESS FED. R. CIV. P. Rules 3 et seq, 4. each Defendants Parties _

JURISDICTIONAL AUTHORITIES SUBJECT-MATTERS
OF THIS U.S. COURT INDIANS COMMERCE
CLASLSE ART I, § 8, CL 3, 42 USC§
1981 (a) et seq., 28 USC §§ 1360 (a)(b),
§1362 FEIN# 37- 1880026

1. The Responsible Party Private Property Drelisah
   J. Muhammad II AKA: Marcus O. Tate Was
   illegally Arrested Feb 21, 2018 A.D.
   by OFFICER TOBY KNIGHT, etal conspired
   42 USC§ 1985 Subsection conspriucy. —

2. Responsible Party Private Property Was ARRESTED
   AT Resident Address 1151 WEST FRONT STREET,
   THOMASVILLE, AL 36784 Feb 21, 2018 A.D.

3. The Warrant Complaint No. WR-18-000084,
   DC-18-109, AGENCY # 180220007.

4. The Responsible PARTY Did Notified Sheriff
   Ray Norris etal., by Filing Muti-Grievance
   Complaint in Grove Hill County Jail

GRIEVANCES Complaints of Clarke COUNTY JAIL Records=

1 # 63318
2 # 62956
3 # 62955
4 # 62930
5 # 62907
6 # 62846
7 # 62836
8 # 62817
9 # 62812
10# 62628
11# # 62610
12# 62604
13# 62596
14# 62594
15# 62592
16# 62547
17# 62546
18# 62541
19# 62538
20# 62525
21# 62524
22# 62523
23# 62520
24# 63452
25# 209633

U.S. COURT OF MOBILE,
ALA 36602 JUDICIAL
NOTICE :
RECORDS OF
COMPLAINT SERVICE
OF PROCESS AT
CLARKE COUNTY JAIL
TO SHERIFF RAY NORRIS
etal, RENA DAVIS, ETAL
GROVE HILL, AL 36451

Exhibit APPENDIXS

No. DC-18-109
WR-18-000084
AGENCY # 18022 0007

5. <u>In The illegal ARREST Complaint:</u>

A. Their Was No Physical Victim.

B. Their Was No Proper Cause.

C. Their was No Physical Evidence.

D. Their Was No Physical Eyewitness

E. Their was No Physical Possession
   of ANY MERCHANT BANK CHECKS
   came from Possession before ARREST
   or After ARREST Feb 21, 2018.

F. Their Was No Physical Finger Prints
   Taken From checks or; Petitioner's
   Before ARREST or; After ARREST Feb 21, 2018.


<u>OTHER FACTOR REASONS WHY
COMPLAINT WARRANT WAS ILLEGAL</u>

6. See Authority: ALABAMA COURT OF CRIMINAL
   APPEALS COURT ORDER OF APRIL 18, 2018
   No.: CR-17-0419 <u>Ex Parte Marcus O. TATE</u>
   <u>VS. STATE OF ALABAMA</u>... ENTER OF
   JUDGMENT SEPT 27, 2017 In CASE NO.
   CR-15-0076 <u>EX PARTE MARCUS O. TATE</u>
   <u>US. ALABAMA STATE.</u>

GENUINE ISSUES CLAIMS OF FACTS
FOR HIGHTREASON VIOLATIONS/ PUNITIVE
DAMAGES OF $ 100, BILLIONS DOLLARS
UNLIMITED PRE-PAID CREDIT LINE PAID
TO SMALL BUSINESS FEIN# 37-1880026
INDIANS COMMERCE CLAUSE ART I §8, Cl. 3.

A. Indians Responsible Party Private Property
Suffered Irreparable Harm under Alabama STATE'S
Void Fraudulent Praticed CONSTITUTION CONVENTION
AUTHORITY 1901 A.D. Constitution of Alabama.

B. Indians Responsible Party Private Property
Suffed Irreparable Hard Harm and Irreparable
Injury under Alabama State STATUTORY
AUTHORITIES CODES OF ALABAMA 1995
SUBSECTIONS.

C. Indians Reponsible Party Private Property
Suffered Irreparable Harm and Irreparable
Injury under Void Fraudulent Praticed
Jurisdictional Authoritres of Alabama
STATE.

D. Alabama STATE's Code 1975 § 6-6-20(9) ALA Const ART 1, § 14 SEC 14 Sovereign Inhabitants Immunity Shield is Void STATUTORY Authorities Codes 1975 of Alabama Code Subsection.

E. Alabama STATE's GREAT SEAL STATUTORY Authorities code 1975 Subsection is Void Fraudulent Praticed.

F. Alabama code 1975 § 13A Subsection is Void Fraudulent Praticed.

G. Alabama code 1975 § 14 Subsection is Void Fraudulent Praticed.

H. Alabama code 1975 § 15 Subsection is Void Fraudulent Praticed.

I. The ARREST COMPLAINT of Feb 21, 2018 WARRANT No. 18-000084, DC-18-109 Clarke County City of Thomasville, AL 36784 is Void Fraudulent Praticed

J. Responsible Party Suffered a Void Fraudulent Priticed "Grand Jury" "TRUE BILL" INDICTMENT IN WR-18-000084/ CASE No. DC-18-109, Ground Hill, AL 36451.

K. I Was Placed in "SHERIFF RAY NORRIS" CUSTODY OF CLARKE COUNTY JAIL Feb 21, 2018 illegally...

L. I did not Recieve the benifit of Equal Rights 42 USC § 1981 (a) etseq., Indians commerce Clause ART I, §8, Cl. 3.

M. My 1st, 4th, 5th, 6th, 8th, 9th Federal constitutional Authorities Rights Was Violated by "Sworn JUDICIAL BODY OFFICIALS" OF GROVE HILL, AL 36451 OATH'S OF OFFICES .

N. MAGISTRATE JESSICA JORDANS, NOTARIZED THE ILLEGAL
COMPLAINT WR-18-000084, DC-109 AT
GROVE HILL, AL 36451 DISITRICT/CIRCUIT
COURT. 251-275-3363. Feb 21, 2018.

## CONCLUSION

The constitution of Alabama STATE X67 counties
CITIZENSHIP, In The Twevel Black BELT counties
SUFFERED Irreparable Harm, and or Irreparable Injury.
of NOT "RECOGNIZING" In The constitution
"WE ARE THE CITIZENS" never had no Fair
and "Impariality Opportunities" Under (Ala const
ART 1, §13 etseq, Ala const ART 1, §34. TO VOTE
MAY 21, 1901 A.D. JOHN B. KNOXS CONVENTION IN MOTION.
(See): ALABAMA SUPREME COURT HOLDING AUTHORITIES TO WIT
FOLLOWING: 1. Ex Parte BIRMINGHAM ATLANTIC RAILROAD
COMPANY, (1905 A.D.) ALABAMA LEXIS 135, et Seq.,

2. EXPARTE PAARTE SEYMOUR, (2006) 946 So 2d 538
Alu LEXIS 135, Et seq.,

3. EX PARTE ALABAMA STATE ATTORNEY GENERAL
TROY KING, ETAL (2010) 50 So. 3d 1056, 1063
ALABAMA LEXIS 72. Et seq.,

4. (See) ALA CODE 1975 § 41-22-22 JOINT COMMITTEE ON ADMINISTRATIVE REGULATION REVIEW GENERALLY (a) (b) (1) (2) (3) (4) §§ 41-22-22 (a) (b) (1) (2) (3) (4), § 41-22-23. Et seq.,

5. FINAL JUDGMENT PROOF OF CLAIM:

EX PARTE MARCUS O. TATE V. STATE OF ALABAMA No.: CR-15-0076 OF SEPT 27, 2017 etseq., EXPARTE MARCUS O. TATE VS. STATE OF ALABAMA No. CR-17-0417 OF APRIL 18, 2018. etseq., EX PARTE MARCUS O. TATE Vs. ALABAMA BOARD OF PARDONS AND PAROLES etal., No. 1170646, No. CR-17-0233, and No. CV-15-700 ALABAMA SUPREME COURT HOUSE etseq, RENALDO DIAZ PEREZ Vs. STATE OF ALABAMA, ETAL., No. CV-17-002060-MHH-TMP OF UNITED STATES COURT OF BIRMINGHAM 35203, Etseq., CV-18-0077-KD-B U.S. COURT OF MOBILE, AL 36602.

<u>AFFIRMATION DEFENSE</u> #2

The Petitioner's Suffered Irreparable Harm, Irreparable Injury,

The Petitioner's States Each Defendants has No "SOVEREIGN INHABITANTS" SHIELD IMMUNITY UNDER Ala code 1975 § 6-6-20(9) Ala const ART 1, § 14 Sec 14 STATUTORY code.

The Petitioner's States Alabama State's GREAT SEAL AUTHORITY STATUTORY CODES 1975 Is VOID Fraudulent Praticed.

The Petitioner's State's Alabama Constitution Convention is Void Fraudulent Praticed.

The Petitioner's State's Alabama STATUTORY Authorities Codes 1975 Subsections is VOID Fraudulent Praticed.

The Petitioner's State's Alabama Jurisdictional Authorities is Void Fraudulent Praticed.

The Petitioner's State's the Arrest Warrant Complaint WR-18-000084, DC-18-109 AGENCY # 18022009 is Void Fraudulent Praticed.

# CONTINUE AFFIRMATION DEFENSE

The Petitioner's State's Clarke county GRAND JURY RETURNED A VOID FRAUDULENT PRATICED "TRUE BILL" INDICTMENT AFFIXED BY VOID Alabama STATUTORY AUTHORITIES CODES 1975, 13A Subsection, 14 Subsection and 15 Subsection.

The Petitioner's State's an INDICTMENT MUST CONSTITUTE THE FACTS (See) Ala code § 15-8-25

The Petitioner's State Ala code 13A subsetion is Void Fraudulent Praticed.

The Petitioner's States Alabama code 1975 § 14 Subsection is Void Fraudulent Praticed.

The Petitioner's state's Alabama code 1975 § 15 Subsection is Void Fraudulent Praticed.

NOW, We Seeks High Treason Indictments Complaint Fed. crim. Complaints Issued uphold the Federal Indian Commerce Clause ART I, §8, Cl. 3 Federal const ART VI, Cl. 2 @ etseq., 28 USC§ 1331, Federal Question Jurisdiction, § 28 USC § 1332, and 29 USC § 1333, Federal Rules of CIVIL Procedures Rule 9 (h), etseq., 28 USC§ 1360 (a) (b) (c) etseq., 1362 SOVEREIGN INHABITANTS AUTHORITY: Alabama Criminal Appeals No. CR-15-0076 of SEPT 27, 2017, --- Final Judgment CR-17-0233 of April 18, 2018 see

Exhibits "A" And "C" ATTACHMENT

Proof of Claim for This U.S. Complaint/

Summon and SERVICE OF Process by

U.S. Marshalls.

We Demand Bench Trial By District Judge Amount Sued For $ 100, BILLION Dollars Pre-Paid credit line Paid to FEIN# 37-18800026 And CLARKE COUNTY COMMISSIONER ISSUE $ 100, BILLION Dollars Pre-Paid CREDIT CARD TO FEIN# 37-18800026

We Demand Death Penalty High Treason Indictments Complaints For Each Parties Defendant's Failed To Uphold The Constitution Oath's Of Offices .. Affirm Under Penalty Of Perjury. Day __9th__ month MAY A.D. 2018.

S/ Marue O. Tet -El -By -Ty -Wm

   Marcus O. Tate-El -Bex -Tex -Washitaw

U.S. MARSHALLS SUMMONS SERVICE OF
PROCESS  PROOF OF SERVICE

## CERTIFICATE OF INTERESTED PARTY

SPENCER WALKER, 114 COURT STREET, GROVE
HILL, AL 36451.
All JUDGES OF GROVEHILL, AL 36481
SHERIFF RAY NORRIS, GROVE HILL, AL 36481
COUNTY COMMISSIONER, GROVE HILL, AL 36451

OFFICE TOBY KNIGHT, THOMASVILLE CITY
POLICE DEPT 36784.

CITY MAYOR SHELDON DAY,
CITY HALL OF THOMASVILLE, AL 36784

MAGISTRATE CLERK NOTARY PUBLIC

JESSICA JORDAN, GROVE HILL, AL 36451

PURSUANT Federal Rules of Civ. Procedures Rules
3, etseq., 4. DAY 9th month _____ A.D. 2018

s/ Marcus O. Tate -El -Bey -Tey -Washitaw

Marcus O. Tate - El - Bey - Tey - Washitaw

P.O. Box 150

MT. MEIGS, AL 36057

THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT

THE ALABAMA COURT OF CRIMINAL APPEALS

CR-17-0419

Ex parte Marcus O. Tate

PETITION FOR WRIT OF HABEAS CORPUS

(In re: State of Alabama v. Marcus O. Tate)

Wilcox District Court No. DC-17-183

### ORDER

Marcus O. Tate filed this petition for writ of habeas corpus asking this Court to set him free from the Wilcox County Jail so that he can report to his parole officer.

As best that can be discerned from the documents filed by Tate, he was paroled but, subsequent to his parole, he was allegedly illegally arrested on **January 22, 2018**. Tate requests this Court free him from an "illegal sentence, illegal conviction, and illegal judgment."

It has come to the attention of this Court that Tate is no longer being detained at the Wilcox County Jail. Therefore, this petition for habeas corpus is due to be, and is hereby, **DISMISSED** as moot.

Windom, P.J., and Welch, Kellum, Burke, and Joiner, JJ., concur.

Done this 18th day of April, 2018.

MARY BECKER WINDOM, PRESIDING JUDGE

cc:  Hon. Marvin W. Wiggins, Circuit Judge
Hon. Brianna Westry-Robinson, District Judge
Hon. Carolyn Posey, Circuit Clerk
Michael W. Jackson, District Attorney
Earnest Evans, Sheriff
Marcus O. Taite, pro se
Office of the Attorney General

Exhibit
Appendix
"A"

EVIDENCE
FCRP 56(e)

subject matter jurisdiction to try a contested criminal case." *Ash v. State*, 843 So. 2d 213, 216 (Ala. 2002). Although *Ash* is a recent decision, similar language can be found in opinions dating back, in at least one case, more than a century. *Butler v. State*, 130 Ala. 127, 30 So. 338 (1901); *see also Kyser v. State*, 22 Ala. App. 431, 117 So. 157 (1928). Alabama law has not always been clear as to which defects will invalidate an indictment, but this Court has expressly held that "[f]ailure to allege an essential element of the charged offense is a jurisdictional defect . . . ." *Ex parte Lewis*, 811 So. 2d 485, 487 (Ala. 2001). Under *Lewis*, Seymour presents a jurisdictional claim.

In response, the State challenges the statement in *Ash* that a valid indictment is the source of a trial court's subject-matter jurisdiction. Instead, the State argues, a trial court derives its jurisdiction from the Alabama Constitution and the Alabama Code. We agree.

Jurisdiction is "[a] court's power to decide a case or issue a decree." *Black's Law Dictionary* 867 (8th ed. 2004). Subject-matter jurisdiction concerns a court's power to decide certain *types* of cases. *Wolff v. McGaugh* , 175 Ala. 299, 303, 57 So. 754, 755 (1911) ("'By jurisdiction over the subject-matter is meant the nature of the cause of action and of the relief sought.'" (quoting *Cooper v. Reynolds*, 77 U.S. (10 Wall.) 308, 316, 19 L. Ed. 931 (1870))). That power is derived from the Alabama Constitution and the Alabama Code. *See United States v. Cotton*, 535 U.S. 625, 630-31, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002)(subject-matter jurisdiction refers to a court's "statutory or constitutional power" to adjudicate a case). In deciding whether Seymour's claim properly challenges the trial court's subject-matter jurisdiction, we ask only whether the trial court had the constitutional and statutory authority to try the offense with which Seymour was charged and as to which he has filed his petition for certiorari review.

Under the Alabama Constitution, a circuit court "shall exercise general jurisdiction in all cases except as may be otherwise provided by law." Amend. No. 328, § 6.04(b), Ala. Const. 1901. The Alabama Code provides that "[t]he circuit court shall have exclusive original jurisdiction of all felony prosecutions . . . ." § 12-11-30, Ala. Code 1975. The offense of shooting into an occupied dwelling is a Class B felony. § 13A-11-61(b), Ala. Code 1975. As a result, the State's prosecution of Seymour for that offense was within the circuit court's subject-matter jurisdiction, and a defect in the indictment could not divest the circuit court of its power to hear the case.

The United States Supreme Court has long held that "defects in an indictment do not deprive a court of its power to adjudicate a case." *Cotton*, 535 U.S. at 630. As Justice Holmes stated in *Lamar v. United States*, 240 U.S. 60, 64, 36 S. Ct. 255, 60 L. Ed. 526 (1916), "[t]he objection that the indictment does not charge a crime . . . goes only to the merits of the case."

A number of states agree. *See Sawyer v. State*, 327 Ark. 421, 938 S.W.2d 843 (1997); *Howell v. State*, 421 A.2d 892, 895 (Del. 1980); *Ford v. State*, 330 Md. 682, 625 A.2d 984 (1993); *Roth v. State*, 1986 OK CR 21, 714 P.2d 216 (Okla. Crim. App. 1986); *State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005); *Studer v. State*, 799 S.W.2d 263 (Tex. Crim. App. 1990); *but see State v. Byington*, 135 Idaho 621, 21 P.3d 943 (2001). The Supreme Court of Missouri, addressing this precise issue, framed the issue succinctly: "Subject matter jurisdiction of the circuit court and the sufficiency of the information or indictment are two distinct concepts. The

*Exhibit*
*Appendix*
*" C "*

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement

*EVIDENCE*
*FCRP 56 (e)*

---

**Ex parte Christopher Jacques Seymour (In re: Christopher Jacques Seymour v. State of Alabama)**
**SUPREME COURT OF ALABAMA**
**946 So. 2d 536; 2006 Ala. LEXIS 135**
**1050597**
**June 30, 2006, Released**

---

**Editorial Information: Subsequent History**

As Corrected November 27, 2006. Released for Publication January 17, 2007.

**Editorial Information: Prior History**

Randolph Circuit Court, CC-02-72.60. Thomas F. Young, Jr. Petition for Writ of Cert. to the Court of Criminal Appeals, CR-04-1137). Seymour v. State, 946 So. 2d 535, 2005 Ala. Crim. App. LEXIS 229 (Ala. Crim. App., Nov. 23, 2005)

**Disposition:**
        AFFIRMED.

**Counsel**                        For Petitioner: Christopher Jacques Seymour, pro se.
                                  For Respondent: Troy King, atty. gen., and Kevin C. Newsom,
deputy atty. gen., and Stephanie N. Morman, asst. atty. gen.
**Judges:** NABERS, Chief Justice. See, Lyons, Harwood, Stuart, Smith, Bolin, and Parker, JJ., concur.
Woodall, J., dissents.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Appellant, who had been convicted of second degree assault and of shooting into an occupied dwelling, filed a petition for postconviction relief pursuant to Ala. R. Crim. P. 32. The trial court denied the petition. The Alabama Court of Criminal Appeals affirmed the trial court's denial of appellant's Rule 32 petition. Appellant then filed a petition for writ of certiorari.Where appellant, who had been convicted of shooting into an occupied building, failed to raise his defective-indictment claim at trial or on direct appeal, his claim was barred by Ala. R. Crim. P. 32.2(a)(3) and (5). Therefore, the trial court properly denied appellant's petition for postconviction relief.

**OVERVIEW:** Appellant argued that in order for him to be convicted of shooting into an occupied dwelling, the State was required to prove that he acted with a culpable mental state. The indictment charging appellant with that offense failed to allege a culpable mental state. Appellant argued that this omission was a fatal jurisdictional error. The instant court concluded that the validity of appellant's indictment was irrelevant to whether the circuit court had jurisdiction over the subject matter of this case. The defect in the indictment did not divest the circuit court of the power to try the case. Because appellant failed to raise his defective-indictment claim at trial or on direct appeal, his claim was barred by Ala. R. Crim. P. 32.2(a)(3) and (5). Therefore, the trial court properly denied appellant's petition for postconviction relief.

**OUTCOME:** The appellate court's decision was affirmed.

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**LexisNexis Headnotes**

*Criminal Law & Procedure > Postconviction Proceedings > General Overview*

See Ala. R. Crim. P. 32.2(a).

*Criminal Law & Procedure > Jurisdiction & Venue > Jurisdiction*
*Criminal Law & Procedure > Postconviction Proceedings > General Overview*

The exception under Ala. R. Crim. P. 32.1(b) is limited to claims that the trial court was without jurisdiction to render judgment or impose sentence.

*Criminal Law & Procedure > Jurisdiction & Venue > Jurisdiction*
*Criminal Law & Procedure > Postconviction Proceedings > General Overview*

The language "jurisdiction to render judgment or impose sentence" in Ala. R. Crim. P. 32.1(b) refers to the court's jurisdiction over the subject matter, as opposed to the person. Although a court must have both personal jurisdiction and subject-matter jurisdiction in an action, defects in personal jurisdiction are waived if they are not raised before trial.

*Criminal Law & Procedure > Accusatory Instruments > Indictments*
*Criminal Law & Procedure > Jurisdiction & Venue > Jurisdiction*

A valid indictment is the source of the subject matter jurisdiction to try a contested criminal case.

*Criminal Law & Procedure > Accusatory Instruments > Indictments*
*Criminal Law & Procedure > Jurisdiction & Venue > Jurisdiction*

Failure to allege an essential element of the charged offense is a jurisdictional defect.

*Criminal Law & Procedure > Jurisdiction & Venue > Jurisdiction*

Jurisdiction is a court's power to decide a case or issue a decree. Subject-matter jurisdiction concerns a court's power to decide certain types of cases. That power is derived from the Alabama Constitution and the Alabama Code.

*Criminal Law & Procedure > Jurisdiction & Venue > Jurisdiction*

Under the Alabama Constitution, a circuit court shall exercise general jurisdiction in all cases except as may be otherwise provided by law. Ala. Const. amend. 328, § 6.04(b).

*Criminal Law & Procedure > Jurisdiction & Venue > Jurisdiction*

The Alabama Code provides that the circuit court shall have exclusive original jurisdiction of all felony prosecutions. Ala. Code § 12-11-30.

*Criminal Law & Procedure > Criminal Offenses > Weapons > Use > General Overview*

The offense of shooting into an occupied dwelling is a Class B felony. Ala. Code § 13A-11-61(b).

*Criminal Law & Procedure > Accusatory Instruments > Indictments*
*Criminal Law & Procedure > Jurisdiction & Venue > Jurisdiction*

lalcases                                    2

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Defects in an indictment do not deprive a court of its power to adjudicate a case. The objection that the indictment does not charge a crime goes only to the merits of the case.

*Criminal Law & Procedure > Accusatory Instruments > Indictments*
*Criminal Law & Procedure > Jurisdiction & Venue > Jurisdiction*

Subject matter jurisdiction of the circuit court and the sufficiency of the information or indictment are two distinct concepts. The blending of these concepts serves only to confuse the issue to be determined.

*Criminal Law & Procedure > Accusatory Instruments > Indictments*
*Criminal Law & Procedure > Jurisdiction & Venue > Jurisdiction*

A defect in an indictment may be error, Ala. R. Crim. P. 15.2(d), or even constitutional error, Ala. Const., art. I, § 8, but the defect does not divest the circuit court of the power to try the case. A defendant who challenges a defective indictment is thus subject to the same preclusive bars as one who challenges any other nonjurisdictional error, such as an illegal seizure or a violation of the Confrontation Clause.

*Criminal Law & Procedure > Accusatory Instruments > Indictments*
*Criminal Law & Procedure > Jurisdiction & Venue > Jurisdiction*

A circuit court has subject-matter jurisdiction over a felony prosecution, even if that prosecution is based on a defective indictment. To the extent that Ex parte Lewis, 811 So. 2d 485 (Ala. 2001), and Ash v. State, 843 So. 2d 213 (Ala. 2002), and other Alabama cases have held to the contrary, they are overruled.

## Opinion

**Opinion by:**          NABERS

## Opinion

{946 So. 2d 536} PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS.

NABERS, Chief Justice.

The issue presented in this case is whether a conviction is void for lack of subject-matter jurisdiction because the indictment charging the offense omitted an element of the offense. We hold that it is not.

I.

On November 8, 2001, Christopher Jacques Seymour opened fire on a group of five men somewhere in Randolph County. One of the five, Kevin Turner, was shot in his leg below the knee. As Turner retreated into his house, the gunfire continued, and some of the bullets entered Turner's house. Turner's wife and three-year-old son were inside the house.

Seymour was convicted of second-degree assault, § 13A-6-21, Ala. Code 1975, and of shooting into an occupied dwelling, § 13A-11-61, Ala. Code 1975. The Court of Criminal Appeals affirmed those convictions on direct appeal, without an opinion. *Seymour v. State* 910 So. 2d 834 (Ala. Crim. App. 2004)(table).

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

{946 So. 2d 537} On January 3, 2005, Seymour filed a Rule 32, Ala. R. Crim. P., petition for postconviction relief. The trial court denied the petition. The Court of Criminal Appeals affirmed the trial court's denial of Seymour's Rule 32 petition in an unpublished memorandum; Judge Cobb dissented from the memorandum affirmance with an opinion. *Seymour v. State*, [No. CR-04-1137, November 23, 2005]946 So. 2d 535, 2005 Ala. Crim. App. LEXIS 229 (Ala. Crim. App. 2005). In her dissent, Judge Cobb wrote:

> "For the reasons I joined Judge Shaw's special writing in *Sullens v. State*, 878 So. 2d 1216 (Ala. Crim. App. 2003)(Shaw, J., concurring in part and dissenting in part), I cannot agree with the conclusion in the unpublished memorandum that the indictment in this case, which failed to allege a culpable mental state, was sufficient to charge the offense of shooting into an occupied dwelling, a violation of § 13A-11-61, Ala. Code 1975."We granted Seymour's petition for the writ of certiorari to determine whether the failure to allege a culpable mental state in the indictment charging Seymour with the offense of shooting into an occupied dwelling divested the trial court of jurisdiction over that offense. 1

II.

Seymour argues that in order for him to be convicted of shooting into an occupied dwelling, the State was required to prove that he acted with a culpable mental state. 2 The indictment charging Seymour with that offense failed to allege a culpable mental state. Seymour argues that this omission was a fatal jurisdictional error.

 Our analysis begins with the grounds for preclusion of remedy in Rule 32.2, Ala. R. Crim. P. Seymour did not raise his defective-indictment claim at trial or on direct appeal. *See* Rule 32.2(a)(3) and (5), Ala. R. Crim. P. Rule 32.2 thus sharply limits the scope of our review.

> "A petitioner *will not be given relief* under this rule based upon any ground:
>
> ". . .
>
> "(3) Which could have been but was not raised at trial, unless the ground for relief arises under
>
> Rule 32.1(b); or
>
> ". . ..
>
> "(5) Which could have been but was not raised on appeal, unless the ground for relief arises under Rule 32.1(b)."Rule 32.2(a), Ala. R. Crim. P. (emphasis added). The exception under Rule 32.1(b) is limited to claims that "[t]he [trial] court was without jurisdiction to render judgment or impose sentence." 3

 Seymour argues that his defective-indictment claim is jurisdictional and that it thus falls within the exception provided in Rule 32.2(a) for claims arising under Rule 32.1(b). Under current Alabama caselaw, he is correct. This Court has held that "[a] valid indictment is the source of the {946 So. 2d 538} subject matter jurisdiction to try a contested criminal case." *Ash v. State*, 843 So. 2d 213, 216 (Ala. 2002). Although *Ash* is a recent decision, similar language can be found in opinions dating back, in at least one case, more than a century. *Butler v. State*, 130 Ala. 127, 30 So. 338 (1901); *see also Kyser v. State*, 22 Ala. App. 431, 117 So. 157 (1928). Alabama law has not always been clear as to which defects will invalidate an indictment, but this Court has expressly held that "[f]ailure to allege an essential element of the charged offense is a jurisdictional defect . . .." *Ex parte Lewis*, 811 So. 2d 485, 487 (Ala. 2001). Under *Lewis*, Seymour presents a jurisdictional claim.

In response, the State challenges the statement in *Ash* that a valid indictment is the source of a trial

lalcases                                           4

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

court's subject-matter jurisdiction. Instead, the State argues, a trial court derives its jurisdiction from the Alabama Constitution and the Alabama Code. We agree.

Jurisdiction is "[a] court's power to decide a case or issue a decree." *Black's Law Dictionary* 867 (8th ed. 2004). Subject-matter jurisdiction concerns a court's power to decide certain *types* of cases. *Wolff v. McGaugh* , 175 Ala. 299, 303, 57 So. 754, 755 (1911) ("'By jurisdiction over the subject-matter is meant the nature of the cause of action and of the relief sought.'" (quoting *Cooper v. Reynolds*, 77 U.S. (10 Wall.) 308, 316, 19 L. Ed. 931 (1870))). That power is derived from the Alabama Constitution and the Alabama Code. *See United States v. Cotton*, 535 U.S. 625, 630-31, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002)(subject-matter jurisdiction refers to a court's "statutory or constitutional power" to adjudicate a case). In deciding whether Seymour's claim properly challenges the trial court's subject-matter jurisdiction, we ask only whether the trial court had the constitutional and statutory authority to try the offense with which Seymour was charged and as to which he has filed his petition for certiorari review.

Under the Alabama Constitution, a circuit court "shall exercise general jurisdiction in all cases except as may be otherwise provided by law." Amend. No. 328, § 6.04(b), Ala. Const. 1901. The Alabama Code provides that "[t]he circuit court shall have exclusive original jurisdiction of all felony prosecutions . . . ." § 12-11-30, Ala. Code 1975. The offense of shooting into an occupied dwelling is a Class B felony. § 13A-11-61(b), Ala. Code 1975. As a result, the State's prosecution of Seymour for that offense was within the circuit court's subject-matter jurisdiction, and a defect in the indictment could not divest the circuit court of its power to hear the case.

The United States Supreme Court has long held that "defects in an indictment do not deprive a court of its power to adjudicate a case." *Cotton*, 535 U.S. at 630. As Justice Holmes stated in *Lamar v. United States*, 240 U.S. 60, 64, 36 S. Ct. 255, 60 L. Ed. 526 (1916), "[t]he objection that the indictment does not charge a crime . . . goes only to the merits of the case."

A number of states agree. *See Sawyer v. State*, 327 Ark. 421, 938 S.W.2d 843 (1997); *Howell v. State*, 421 A.2d 892, 895 (Del. 1980); *Ford v. State*, 330 Md. 682, 625 A.2d 984 (1993); *Roth v. State*, 1986 OK CR 21, 714 P.2d 216 (Okla. Crim. App. 1986); *State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005); *Studer v. State*, 799 S.W.2d 263 (Tex. Crim. App. 1990); *but see State v. Byington*, 135 Idaho 621, 21 P.3d 943 (2001). The Supreme Court of Missouri, addressing this precise issue, framed the issue succinctly: "Subject matter jurisdiction of the circuit court and the sufficiency of the information or indictment are two distinct concepts. The {946 So. 2d 539} blending of these concepts serves only to confuse the issue to be determined." *State v. Parkhurst*, 845 S.W.2d 31, 34-35 (Mo. 1992). We find this approach persuasive and consistent with both the Alabama Constitution and the Alabama Code.

The validity of Seymour's indictment is irrelevant to whether the circuit court had jurisdiction over the subject matter of this case. A defect in an indictment may be error, *see* Rule 15.2(d), Ala. R. Crim. P. -- or even constitutional error, *see* Ala. Const., Art. I, § 8 -- but the defect does not divest the circuit court of the power to try the case. A defendant who challenges a defective indictment is thus subject to the same preclusive bars as one who challenges any other nonjurisdictional error, such as an illegal seizure or a violation of the Confrontation Clause.

In this case, Seymour failed to raise his defective-indictment claim at trial or on direct appeal. As a result, his claim is barred by Rule 32.2(a)(3) and Rule 32.2(a)(5), Ala. R. Crim. P, and the trial court correctly denied relief. 4

III.

We hold that a circuit court has subject-matter jurisdiction over a felony prosecution, even if that prosecution is based on a defective indictment. To the extent that *Lewis*, *Ash*, and other Alabama

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

cases have held to the contrary, they are overruled. The decision of the Court of Criminal Appeals is affirmed.

AFFIRMED.

See, Lyons, Harwood, Stuart, Smith, Bolin, and Parker, JJ., concur.

Woodall, J., dissents.

### Footnotes

1

Seymour does not challenge the Court of Criminal Appeals' judgment insofar as it affirmed his conviction for second-degree assault.

2

Alabama recognizes four culpable mental states: when a person acts intentionally, knowingly, recklessly, and with criminal negligence. § 13A-2-2, Ala. Code 1975.

3

The language "jurisdiction to render judgment or impose sentence" refers to the court's jurisdiction over the subject matter, as opposed to the person. Although a court must have both personal jurisdiction and subject-matter jurisdiction in an action, *Wolff v. McGaugh*, 175 Ala. 299, 303, 57 So. 754, 755 (1911), defects in personal jurisdiction are waived if they are not raised before trial. *City of Dothan v. Holloway*, 501 So. 2d 1136, 1139 (Ala. 1986). The Rule 32.1(b) exception applies only to claims alleging that the trial court lacked subject-matter jurisdiction.

4

Because Seymour's defective-indictment claim is precluded, we do not reach the merits of his argument that an indictment charging a violation of § 13A-11-61 must allege a culpable mental state, and we express no opinion as to the Court of Criminal Appeals' resolution of that issue.

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT

THE ALABAMA COURT OF CRIMINAL APPEALS

CR-17-0567

Ex parte Marcus O. Tate

PETITION FOR WRIT OF HABEAS CORPUS

(In re: State of Alabama v. Drelijah Joshua Muhammad, II)

Clarke District Court No. DC-18-109

## ORDER

Marcus O. Tate filed this petition for a writ of habeas corpus requesting that this Court order his immediate release from the Clarke County Jail because, he alleges, he was arrested on a false complaint.

It appears that Tate has been charged with third-degree forgery, a Class D felony. See Section 13A-9-3.1, Ala. Code 1975. Section 15-21-6(a), Ala. Code 1975, states that "[w]hen the person is confined in a county jail or any other place on a charge of a felony or under a commitment or an indictment for felony, the petition for a writ of habeas corpus must be addressed to the nearest circuit judge." Tate does not indicate that he has first filed a petition for a writ of habeas corpus addressed to the nearest circuit court judge. Accordingly, this petition for a writ of habeas corpus is due to be, and is hereby, **DISMISSED**.

Windom, P.J., and Welch, Kellum, Burke, and Joiner, JJ., concur.

Done this 25th day of April, 2018.

MARY BECKER WINDOM, PRESIDING JUDGE

cc:    Hon. Gaines C. McCorquodale, Circuit Judge
      Hon. James H. Morgan, Jr., District Judge
      Hon. Summer Scruggs Padgett, Circuit Clerk
      Ray Norris, Sheriff
      Spencer Brent Walker, District Attorney
      James D. Abston, III, Attorney
      Marcus O. Taite, pro se
      Office of the Attorney General

Appendix Exhibit "D"

FILED MAY 10 '18 PM 12:40 USDC ALS

BUSINESS PRATICES:
WASHITAW INDIANS COMMERCE
CLAUSE ART I, §8, Cl. 3.
Marcus O. Tate-El-Bey-Tey-Washitaw
P. O. Box 150, MT. MEGIS, ALA 36057



"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed Communication."

UNITED STATES CLERK'S OFFICE
UNITED STATES COURT HOUSE
113 ST JOSEPH STREET
Mobile, Alabama   36602