IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARCUS TATE, #1880664,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| vs. : | CIVIL ACTION NO. 18-00224-KD-B |
| : | |
| **DISTRICT ATTORNEY SPENCER,** : | |
| *et. al.,* : | |
| : | |
| **Defendants.** : | |

### REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff Marcus Tate's[1] motion to proceed without prepayment of fees.[2] (Doc. 4). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R) for appropriate action. For the reasons set forth below, it is recommended that Tate's motion for leave to proceed without prepayment of fees be **DENIED**, and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

---

[1] Plaintiff, a frequent litigant before this Court, utilizes a variety of aliases. Indeed, in the instant action, he refers to himself as "Honorable Imperial Emperor Marcus O. Tate-El-Bey-Tey-Washitaw." (Doc. 1 at 1, 5). However, the Alabama Department of Corrections lists Plaintiff's legal name as Marcus Taite, AIS No. 180664.

[2] Tate filed this action without paying the statutory $400 filing fee. As a result, he was granted leave to pay the filing fee or file a motion to proceed without prepayment of fees. (See Doc. 2). In response, Tate submitted a motion containing rambling assertions about the "Republic [of] Morocco" and directing the Court to levy all fees associated with this action against a tax ID number. (Doc. 4 at 1, 3).

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This section is intended to curb abusive prisoner litigation by requiring prisoners who have had three actions or appeals dismissed as meritless to pay the full filing fee when their next action is filed. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). "The only exception to section 1915(g) is if the frequent flier prisoner is 'under imminent danger of serious physical injury.'" Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)(citation omitted), *overruled on other grounds by* Jones v. Bock, 549 U.S. 199, 215-16 (2007); see also Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004)("[The] Eleventh Circuit [has] determined that a prisoner must allege a present imminent danger . . . under section 1915(g)"); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999)(noting that plaintiff could not proceed under § 1915(g) because he failed to allege "that he was in imminent danger of serious physical injury at the time he filed his complaint or that he was in jeopardy of any ongoing danger").

Upon review of Tate's motion, the Court discovered, after reviewing the records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama, that Tate has at least three actions or appeals that were previously dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. See, e.g., Taite v. Walker, 2014 WL 7411800 (S.D. Ala. Dec. 31, 2014) (dismissing action under § 1915(g)); Tate v. Alabama, 2010 WL 3155281, 2010 U.S. Dist. LEXIS 79615 (S.D. Ala. Aug. 4, 2010) (dismissing action under § 1915(g)); Tate v. Bivins, 2008 WL 2705388, 2008 U.S. Dist. LEXIS 52754 Tate v. Bass, 2007 WL 4571256, 2007 U.S. Dist. LEXIS 94158 (M.D. Ala. Dec. 26 ,2007) (recommending dismissal under § 1915(g)), report and recommendation adopted by Tate v. Bass, 2008 WL 160599, 2008 U.S. Dist. LEXIS 3093 (M.D. Ala. Jan. 15, 2008).

Accordingly, in order to avoid the dismissal of the present action pursuant to § 1915(g), Tate must satisfy the exception to § 1915(g).  In other words, he must demonstrate that at the time he filed the instant complaint, he was "under imminent danger of serious physical injury."  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).

After carefully reviewing Plaintiff's allegations (Doc. 1), the Court cannot discern a claim showing that Tate was under imminent

danger of serious physical injury at the time he filed his complaint. As best this Court can discern, the gist of Tate's complaint is that he was "illegally arrested" at his home based on an invalid warrant and without sufficient evidence to support his seizure.[3] (Id. at 9-11). To the extent that Plaintiff asserts any legal claims, they all seem to stem from his contention that the warrant used to detain him was "illegal." Nothing in his complaint suggests that Plaintiff is alleging that he is in danger of serious physical injury. Instead, he has filed an action under § 1983 challenging the validity of his incarceration.[4]

In the absence of facts showing that Plaintiff was under "imminent danger of serious physical injury" at the time he filed his complaint, he cannot avail himself of § 1915(g)'s exception. As a result, his failure to pay the $400.00 filing fee at the time he filed this action necessitates that this action be dismissed without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full "filing fee at the time he initiates the suit") (emphasis in original); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir.

---

[3] The Court has engaged in a liberal construction of Plaintiff's complaint, as it consists of thirty-one (31) pages of handwritten, rambling, conclusory allegations that are difficult to decipher.

[4] The Court notes that, at the time of the instant matter, Plaintiff also has pending two habeas actions challenging his incarceration. See Muhammad v. Norris, Civil Action No. 18-00170-KD-B; Muhammad v. Norris, Civil Action No. 18-00209-KD-B.

4

2002) (holding that the filing fee must be paid by an inmate subject to § 1915(g) at the time an action is commenced). Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed

determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **18th** day of **June, 2018.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**